UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELSON OLIVO,<br><br>        Movant,<br><br>   -against-<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | 25-CV-6690 (VEC)<br><br>22-CR-0582-3 (VEC)<br><br><u>ORDER OF DISMISSAL</u> |

VALERIE E. CAPRONI, United States District Judge:

  Movant Nelson Olivo, who is currently incarcerated at FCI Schuylkill in Pennsylvania, brings this *pro se* motion under 28 U.S.C. § 2255, challenging his conviction and judgment in *United States v. Olivo*, No. 22-CR-0582-3 (VEC) (S.D.N.Y. Dec. 13, 2024).  For the reasons set forth below, the Court denies the Section 2255 motion without prejudice.

## STANDARD OF REVIEW

  A prisoner in federal custody may bring a motion pursuant to 28 U.S.C. § 2255 challenging his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000).

  The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v.*

*United States*, 260 F.3d 78, 83 (2d Cir. 2001).  Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

A jury convicted Movant Nelson Olivo of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, and judgment entered on December 13, 2024.  *See United States v. Olivo*, No. 22-CR-0582 (VEC) (S.D.N.Y. Dec. 13, 2024), Dkt. 222.  Movant has appealed his judgment of conviction to the United States Court of Appeals for the Second Circuit, and that appeal is pending. *See United States v. Olivo*, No. 24-3320-CR (2d Cir).

A criminal defendant is generally required to pursue a direct appeal before bringing a Section 2255 motion.  *See United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011).  Although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), such review should proceed only "in extraordinary circumstances given the potential for conflict with the direct appeal," *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006).  Moreover, it is in the interest of judicial economy "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (internal quotation marks and citation omitted); *Outen*, 286 F.3d at 632 ("[T]he results on direct appeal may make the district court's efforts on the § 2255 motion a nullity."); *see* Advisory Committee's Note to Rule 5 of the Rules Governing Section 2255 Proceedings ("There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.").

Because Movant's direct appeal is pending before the Second Circuit, this Section 2255 motion is premature. The Court, therefore, denies the Section 2255 motion, without prejudice to Movant's refiling a Section 2255 motion after disposition of the direct appeal, should relief still be necessary.

## CONCLUSION

The Court denies without prejudice the motion brought under 28 U.S.C. § 2255, as prematurely filed. Because the motion at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Dated:** **August 20, 2025**
**New York, New York**

*[signature]*

**VALERIE CAPRONI**
**United States District Judge**